UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DMITRY KRUGLOV, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-363 |
| | § | |
| CITY OF GALVESTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On November 21, 2016, Plaintiff filed this lawsuit in the United States District Court for the Southern District of New York against the City of Galveston, the City of Galveston Police Department, Police Officer J.D. Banks, Police Officer "J. Michael," and Yaga's Café and Bar. Plaintiff's lawsuit complains of events that occurred on the evening of November 22, 2014. The Southern District of New York transferred the lawsuit this Court.

In February 2016, this Court entered an "Order for Conference and Disclosure of Interested Parties," setting an initial pretrial and scheduling conference for April 26, 2017. Dkt. 6. The Order instructed Plaintiff to file a certificate of interested parties within 15 days, informed him that he was required to "serve a copy of this order with the summons and complaint," and warned Plaintiff that "Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative." The Order provided

the website for the Southern District of Texas ([www.txs.uscourts.gov](www.txs.uscourts.gov))[1] and concluded, "Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs."

The Clerk's Office issued summons to Plaintiff on February 16, 2017, sending them to him by first class mail. But he did not return any proof of service to the Court.

Accordingly, on April 11, 2017, this Court gave Plaintiff one more chance, issuing an order that directed him to serve all of the Defendants and to file proof of service by April 25, 2017 (the day before the scheduling conference), or risk dismissal for want of prosecution. Dkt. 9. On April 13, 2017, Plaintiff filed a motion to continue the scheduling conference explaining that he was not able to travel to Texas at that time, and also asking for additional time "to issue subpoenas and examine available information." Dkt. 10. This Court granted the motion to continue in part, cancelling the upcoming scheduling conference but *also* stating that no other relief was being granted and "**no other settings or deadlines are changed by this Order.**" Dkt. 11 (emphasis in original).

On April 24, 2017, Plaintiff filed an "Affirmation of Service" stating that, back on February 21, 2017, he had mailed "a copy" of "summons in civil action" to each of the named Defendants at various addresses. But the Affirmation was not signed until April 18, 2017, and it did not attach a copy of the documents that had been mailed. Dkt. 12.

---

[1] The website of the Southern District of Texas contains the Local Rules for the Southern District of Texas, the Federal Rules of Civil Procedure, forms (including summons and waiver of service forms), and a document entitled, "Guidelines for Litigants without Lawyers Southern District of Texas" that explains certain details of service and states, "Plaintiffs should read Local Rule 4 and Rule 4 of the Federal Rules of Civil Procedure to become thoroughly familiar with the procedures governing service of process."

Instead, for each named Defendant, Plaintiff signed a "Proof of Service" dated April 18, 2017, affirming he had "mailed a copy" to that Defendant on February 21, 2017, and providing the address to which he had mailed it. Plaintiff also provided what appears to be a receipt from a post office in Charlotte, North Carolina, showing that 5 letters were mailed to Galveston on February 21, 2017, one via certified mail and the others via regular mail first class mail. After considering this filing, the Court found that Plaintiff had not shown "that proper service has been made according to the Federal Rules of Civil Procedure." Dkt. 13. Accordingly, the Court dismissed this lawsuit on June 27, 2017, without prejudice. *Id*.

Recently, on September 20, 2017, Plaintiff filed a motion for reconsideration asking this Court to re-consider dismissing this case. Dkt. 14. Relying on Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(6), Plaintiff complains that this Court dismissed his case without allowing him an opportunity to cure any defects in service; that the Court did not return or reject the affidavits of service he filed (and therefore, he argues the Court "constructively notified" him that the affidavits were sufficient); and the Court's order "did not specify which rule of civil procedure was not adhered to, or how the service of affidavits were defective." Plaintiff's motion is based upon his assertion that "the Court has affirmative duties to *pro se* litigants to explain the technical points of procedure."

Rule 60(a) of the Federal Rules of Civil Procedure relates to "corrections based on clerical mistakes; oversights and omissions," and allows a court to correct a "clerical mistake" on motion or own its own, with or without notice. FED. R. CIV. P. 60(a). Rule

60(b)(1) and (6) provide that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). "Relief under Rule 60(b) is considered an extraordinary remedy," as the "desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citation omitted).

Rule 4 of the Federal Rules of Civil Procedure governs service of process upon defendants, notifying them that a lawsuit has been filed against them. Under Rule 4(c), a summons must be served "with a copy of the complaint," within the time allowed by Rule 4(m), and by a person who is at least 18 years of age and not a party. FED. R. CIV. P. 4(c). Plaintiff's "Affirmation of Service" does not show that he has complied with this rule. Even if his mailing was timely under the Court's order, and even if a copy of the complaint was mailed along with the summons to each Defendant, Plaintiff cannot be his own process server.

Further, in this case Plaintiff has sued a city, a city's police department, two individual police officers, and a restaurant. The efforts that Plaintiff describes in his Affirmation of Service do not show that he has properly served each of these Defendants under the applicable rules and authorities. *See, e.g.,* FED. R. CIV. P. 4(e) and TEX. R. CIV. P. 103, 106, 107 (party may not serve process in their own suit; service by mail under Texas rules requires "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto,"

as well as a return receipt signed by addressee). Further, the Court takes judicial notice that the restaurant Plaintiff has sued is a Limited Liability Company under Texas law, duly registered with the Texas Secretary of State, and "[a] corporation is not a person capable of accepting process and must be served through its agents." *Reed Elsevier v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied). Similarly, Plaintiff's attempt to serve the city by mailing an envelope to "City Hall" does not comply with Texas law. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(b) (West 2015). Nor does his mailing an envelope addressed to the "Galveston Police Department." *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Thus, while this Court construes a *pro se's* pleadings liberally, the circumstances here do not justify the relief that Plaintiff now seeks. "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (footnote omitted). As other courts have noted in similar circumstances, "[e]ven *pro se* litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 Fed. App'x. 989, 990 (5th Cir. 2010) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)("The burden of establishing excusable neglect is upon [the movant], even one proceeding *pro se* ... [and] [t]he party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable.")(citation omitted)); *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A

*pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

After waiting two years to file his lawsuit, Plaintiff then waited an additional three months to begin the steps necessary for service. This Court warned Plaintiff at least twice of the need to serve Defendants, each time pointing him to Rule 4 of the Federal Rules of Civil Procedure and stating that he was also required to serve a copy of the Court's Order for Conference along with the complaint and the summons. The Court also pointed Plaintiff to the Clerk's Office and the website for the Southern District of Texas, where basic information was available on this very issue. The Court also granted him ample additional time to complete service, extending the deadline to 150 days after the complaint was filed. The Court notes that Plaintiff's Motion for Continuance made statements that contradicted his later-filed Affirmation of Service, and the Affirmation of Service itself wholly failed to comply with the requirements of Rule 4, Texas law, or the Court's prior Order. Further, unlike in *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1014 (5th Cir. 1990), there is no indication in this case that Defendants have actual notice of the lawsuit or that Plaintiff has made multiple, good-faith efforts to serve Defendants.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for reconsideration.

SIGNED at Galveston, Texas, this 25th day of September, 2017.

George C. Hanks Jr.
United States District Judge